IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BERKSHIRE LIFE INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-2396-WEB* |
| | ) | |
| VINCENT S. YINGLING, | ) | * To be consolidated with |
| | ) | Case No. 05-1305-WEB (Lead Case) |
| Defendant. | ) | |
| | ) | |

**Memorandum and Order**

This matter is before the court on the defendant's Motion to Dismiss and Strike the Complaint.
The court finds that oral argument would not assist in deciding the issues presented.

I. *Background.*

On September 12, 2005, Vincent Yingling filed an action against Berkshire Life Insurance
Company of America in the District Court of Seward County, Kansas. The state action sought past due
payments allegedly due under the terms of a disability insurance policy issued by Berkshire, as well as
declaratory relief relating to future benefits. On October 4, 2005, Berkshire removed the state action to
the U.S. District Court (Wichita), where it was assigned Case No. 05-1305-WEB. On November 3,
2005, Mr. Yingling filed a motion to remand Case No. 05-1305 to state court. This court denied the
motion to remand on December 29, 2005.

Meanwhile, on September 16, 2005, Berkshire filed the instant action for declaratory judgment in
U.S. District Court for the District of Kansas (at Kansas City). In the instant action, Berkshire seeks

judgment rescinding the above-referenced insurance policy and declaring that it has no liability to Mr. Yingling.  It also seeks restitution and other costs from Mr. Yingling.

II.  *Motion to Dismiss and Strike.*

On November 15, 2005, Mr. Yingling filed a Motion to Dismiss and Strike the Complaint in the instant case.  He argues that under the "first to file" rule, his complaint against Berkshire in Case 05-1305 should take precedence.  *Citing, inter alia, Venture Corp. v. J.L. Healy Constr. Co.*, 1998 WL 131354 (D. Kan, Nov. 22, 1988).  He further argues that the two pending actions involve the same issues, and that judicial efficiency would be promoted by dismissing the instant action rather than consolidating the two cases.

In response, Berkshire argues that the first-to-file rule should not govern because Mr. Yingling filed his complaint in response to notice from Berkshire that it would seek a declaratory judgment.  Berkshire further argues that instead of dismissing or staying either of the competing cases, the two cases should be consolidated.

III.  *Discussion.*

The result of this court's order denying remand in Case No. 05-1305 is that there are now two pending federal actions in this district involving substantially the same issues.  Under the circumstances, the court believes the "first to file" rule is of little effect.  The court could dismiss one or other of the actions, but it sees no basis or advantage for doing so.  Both cases have been transferred to the undersigned judge, so there is no danger of conflicting rulings.  All of the claims at issue can be consolidated in a single pretrial order.  Mr. Yingling has shown no equitable or legal grounds for dismissal of the instant action, and the court concludes that his request for dismissal of the instant case should be denied.

Federal Rule of Civil Procedure 42(a) provides that "[w]hen actions involving a common question of fact or law are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." The court concludes that judicial efficiency would best be served by consolidation of the two pending federal cases. The cases shall be consolidated for all purposes, including discovery and trial.

The court also notes that Berkshire, in its pleadings, has designated Kansas City, Kansas, as the place of trial. The court has been informed by the Magistrate Judge that Mr. Yingling desires the trial to be had in Wichita.[1] Under D. Kan. Rule 40.2, "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." Insofar as there is a conflict, the court believes the balance of factors -- including judicial economy, convenience of the parties, and equitable factors -- weighs in favor of conducting the trial in Wichita. Accordingly, the court will set the matter for trial in Wichita after the filing of a Pretrial Order. The court designates Case No. 05-1073 -- the first action filed -- as the lead case.

IV. *Conclusion.*

Defendant Vincent Yingling's Motion to Dismiss and Strike Complaint (Doc. 3) is DENIED. The court orders that this action (Case No. 05-2396) and Case No. 05-1073 be consolidated for all purposes, including discovery and trial. Case No. 05-1073 is designated as the lead case. All filings hereafter shall be filed in the lead case only. Wichita, Kansas, is hereby designated by the court as the place of trial of

---

[1] Mr. Yingling should have filed a request concerning the place of trial within 10 days of removal of the action. *See* D.Kan.R. 40.2.

the consolidated action.

IT IS SO ORDERED this __26th__ Day of Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge